UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GROSS MORTGAGE CORPORATION,<br><br>        Plaintiff,<br><br>   vs.<br><br>SABIR JAMIL AL-MANSUR,<br><br>        Defendant. | Case No.: C12-CV-03508-YGR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND FOR LACK OF JURISDICTION** |

    Defendant Sabir Al-Mansur ("Defendant") removed this case from the Alameda County Superior Court. (Dkt. No. 1 ("Initial Removal Notice") at 1.) The underlying complaint alleges unlawful detainer pursuant to California Code of Civil Procedure ("CCP") section 1161a. *Id.* at ECF pp. 13-15 (Unlawful Detainer Complaint).

    Plaintiff Gross Mortgage Corporation ("Plaintiff") filed a complaint for unlawful detainer against Defendant on or about October 28, 2011. Case No. 12-cv-01102-YGR (Dkt. No. 1 at ECF pp. 6-8). Defendant subsequently removed that action to this Court on March 6, 2012. Case No. 12-cv-01102-YGR (Dkt. No. 1 at ECF pp. 2-5 ("First Notice of Removal")). This Court remanded that case on April 24, 2012, after finding neither federal question nor diversity jurisdiction was proper. Case No. 12-cv-01102-YGR (Dkt. No. 27 ("First Remand Order")). On or about December 30, 2011, Plaintiff filed another complaint against Defendant. Initial Removal Notice at ECF pp. 13-15. This complaint, the operative complaint in this action, alleged unlawful detainer under CCP section 1161a. Defendant removed to this Court on July 6, 2012 and filed an Amended Notice of Removal on July 12, 2012, arguing removal jurisdiction is proper under both 28 U.S.C. sections 1441 and 1443. (Dkt. No. 7 ("Amended Notice of Removal").) At the time Defendant

filed his Amended Notice of Removal, Plaintiff had already filed the instant Motion to Remand for Lack of Jurisdiction, on July 9, 2012. (Dkt. No. 6 ("Motion to Remand").)

**1.    28 U.S.C. § 1441**

In the Amended Notice of Removal, Defendant alleges that removal under section 1441 is proper because the Court has original jurisdiction over this action pursuant to 28 U.S.C. sections 1331, 1343, 1348, and 1356. Amended Notice of Removal at 4-9. The Court takes each claimed basis of original jurisdiction in turn.

Under 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, the burden of establishing federal jurisdiction is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566. A district court *must* remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant first alleges subject matter jurisdiction under 28 U.S.C. section 1331. Under this statute, a district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff previously filed an unlawful detainer action against Defendant on October 28, 2011, which Defendant removed to this Court on federal question and diversity grounds. *See* First Notice of Removal. This Court remanded that case after concluding that neither federal question jurisdiction nor diversity jurisdiction supported removal. First Remand Order at 2. The Court has reviewed the unlawful detainer complaint that Defendant attached to the Initial Removal Notice and to the Amended Notice of Removal in this action, and, after comparing it with the unlawful detainer complaint at issue with the First Remand Order, finds the underlying allegations in each to be substantively the same, although relating to two different properties. *Compare* Case No. 12-cv-03508-YGR (Dkt. No. 1 at ECF pp. 13-15) *with*

Case No. 12-cv-01102-YGR (Dkt. No. 1 at ECF pp. 6-8).  As stated in the Court's First Remand Order, Plaintiff's state court complaint alleges only unlawful detainer and is insufficient to provide this Court with jurisdiction under 28 U.S.C. section 1331.  First Remand Order at 2.  A defendant's counterclaims and defenses asserting a federal question cannot give rise to jurisdiction under section 1331.  *Vaden v. Discovery Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 1272 (2009).  The federal question must be presented by the plaintiff's complaint as it stands *at the time of removal*.  Remand of the operative unlawful detainer complaint is therefore not proper under federal question jurisdiction.

Defendant also alleges that this Court has original jurisdiction under 28 U.S.C. section 1348.  Section 1348 states:

> The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter.

28 U.S.C. § 1348.  According to Defendant, jurisdiction under this section is proper because "[t]he Plaintiffs initiated the action and are a national banking association."  Amended Notice of Removal at 7.  However, section 1348 was intended only "to eliminate the right of national banks to claim original or removal jurisdiction *solely* on the basis of being a nationally chartered corporation." *Burns v. American Nat'l Bank & Trust Co.*, 479 F.2d 26, 28-29 (8th Cir. 1973); *Southern Elec. Steel Co. v. First Nat'l Bank of Birmingham*, 515 F.2d 1216, 1217 (5th Cir. 1975) (citing *Hermann v. Edwards*, 238 U.S. 107 (1915)).  It is well-settled that section 1348 does not grant this Court jurisdiction over a claim merely because one party to the claim is a national banking association.  *Id.*  Consequently, section 1348 provides no basis for Defendant's removal.

Defendant further alleges original jurisdiction under 28 U.S.C. section 1356, which provides district courts with "original jurisdiction, exclusive of the courts of the States, of any seizure *under any law of the United States* on land or upon waters not within admiralty and maritime jurisdiction, except matters within the jurisdiction of the Court of International Trade[.]"  28 U.S.C. § 1356

(emphasis added). However, jurisdiction under section 1356 requires that an officer of the United States seize or hold property with the authority of a "law of the United States"—i.e., a federal law. *Hunsucker v. Phinney*, 497 F.2d 29 (5th Cir. 1974) (citing *Johnston v. Earle*, 245 F.2d 793 (9th Cir. 1957)). The statute is therefore inapplicable to the case at bar, where the "seizing" party is not the United States and Defendant has not identified any relevant federal law. *See Johnston*, 245 F.2d at 79.

Finally, Defendant alleges original jurisdiction under 28 U.S.C. section 1343. Subsection 1343(a)(1) grants district courts original jurisdiction over civil actions commenced by any person "[t]o recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42." Jurisdiction under section 1343 requires more than a frivolous or insubstantial claim of discriminatory treatment. *See Hagans v. Lavine*, 415 U.S. 528, 539 (1974); *Ouzts v. Marlyand Nat. Ins. Co.*, 470 F.2d 790, 791 (9th Cir. 1972).

Defendant asserts jurisdiction under section 1343 is proper because:

> Plaintiff[] conspired to hinder and obstruct the Defendant['s] . . . due process rights by utilizing the egregious and discriminatory policies of the Superior Court of Alameda County . . . and the California Judicial Council's Unlawful Detainer process . . . [which] denies Defendant in the instant case . . . equal protection under the law[.]

Amended Notice of Removal at 5-6. Based on the above argument, Defendant concludes that a federal question is raised to support jurisdiction. *Id.* at 6. Defendant's argument is flawed for a number of reasons. Removal is not the proper mechanism for Defendant to attack the California Judicial Council and/or Alameda County Superior Court's unlawful detainer processes. Neither the California Judicial Council or Alameda County Superior Court are parties in this action, and claims that Defendant may seek to assert against them are simply not relevant to this action. Further, Defendant has not provided more than vague, conclusory assertions of discrimination or a conspiracy, nor has he described how this unlawful detainer action under California law operates in a discriminatory fashion, either broadly or in his individual case. The mere conclusion that equal protection under the law has been denied as a result of unlawful detainer processes in this case is insufficient. Without more, Defendant has not stated a basis for jurisdiction under section 1343.

4

1  Because the statute requires more, it cannot provide original jurisdiction as section 1441 requires
2  for removal.  *See Ouzts*, 470 F.2d at 791.
3       Based on the foregoing reasons, the Court finds that removal is not proper under 28 U.S.C.
4  section 1441.

**2.   28 U.S.C. § 1443**

Defendant also alleges removal is proper under 28 U.S.C. section 1443.  Section 1443 provides for the removal of any civil or criminal case commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]"  28 U.S.C. § 1443(1).  To remove a case under section 1443(1), a notice of removal must satisfy a two-part test.  "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights."  *Patel v. Del Taco*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)).  "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  *Patel*, 446 F.3d at 999 (quoting *Sandoval*, 434 F.2d at 636).   A removal notice under section 1443(2) is proper only by federal officers or persons assisting such officers in performing their duties under federal civil rights laws.  *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966); *Miller v. Lambeth*, 443 F.3d 757, 761 (10th Cir. 2006).  Defendant does not seem to assert removal is proper under section 1443(2), and regardless, that section would not apply in this instance; consequently, the Court addresses removal under only subsection (1).

In the present case, Defendant's Amended Notice of Removal identifies neither an "explicit statutory enactment protecting equal racial civil rights" nor any state statute or constitutional provision that "purports to command the state courts to ignore the federal rights."  Moreover, what allegations the Amended Notice of Removal does contain are entirely conclusory in nature.  Similar to 28 U.S.C. section 1343, section 1443(1) will not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis.  *See Bogart v. California*, 355 F.2d 377,

5

380-81 (9th Cir. 1966).  Consequently, removal is not proper under section 1443.  *Gaus*, 980 F.2d at 566 (federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance); 28 U.S.C. § 1447(c) (district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction).

Because neither 28 U.S.C. sections 1441 nor 1443 provides this Court with removal jurisdiction, Plaintiff's Motion to Remand is **GRANTED**.  For the foregoing reasons, this action is hereby **REMANDED** to the Alameda County Superior Court.  This Order terminates Dkt. No. 6 and all pending hearing dates are **VACATED**.  The Clerk of this Court is further ordered to forward certified copies of this Order and all docket entries to the Clerk of the Alameda County Superior Court.

In addition, the Court notes that a defendant may not twice remove the same action where each removal is based on the same grounds.  *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883); *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457 (7th Cir. 2005); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492-93 (5th Cir. 1996).

**IT IS SO ORDERED.**

Dated: August 6, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**