UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GROSS MORTGAGE CORPORATION,<br><br>  Plaintiff,<br><br>vs.<br><br>SABIR JAMIL AL-MANSUR,<br><br>  Defendant. | Case No.: 12-cv-03508-YGR<br><br>**ORDER DENYING DEFENDANT'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION (DKT. NO. 24)** |

Defendant Sabir Al-Mansur ("Defendant") removed this unlawful detainer case from the Alameda County Superior Court on or about July 6, 2012. (Dkt. Nos. 1 (initial notice of removal) & 7 (amended notice of removal).) Plaintiff Gross Mortgage Corporation filed a Motion to Remand for Lack of Jurisdiction ("Motion to Remand") on July 9, 2012. (Dkt. No. 6.) The Court granted the Motion to Remand on August 6, 2012 ("Remand Order"), finding it did not have subject matter jurisdiction over this action. (Dkt. No. 12.) The Court also closed the case upon issuing the Remand Order. On August 16, 2012, Defendant filed a Notice of Appeal of the Remand Order. (Dkt. No. 15.) The Court of Appeals for the Ninth Circuit issued a Time Schedule Order for the pending appeal. (Dkt. No. 17.)

Defendant has filed an *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction ("Application"). (Dkt. No. 24.) By his Application, Defendant: (i) seeks a temporary restraining order enjoining Plaintiff from "taking fraudulent possession and/or selling Defendant[']s property located [at] 2421 Market Street, Oakland, CA 94607"; (ii) will apply for an Order to Show Cause why a preliminary injunction should not be granted enjoining Plaintiff from foreclosing, selling, or evicting Defendant from his home; and (iii) applies for a hearing date to obtain a preliminary injunction. (Application at ECF pp. 1–2.) In so

doing, Defendant seeks to enjoin Plaintiff "from proceeding with foreclosure and eviction proceedings pending the outcome of the current litigation in the instant case and the United States Court of Appeals; USCA Case Number 12-16816." (Application at ECF p. 4.)

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Here, because the Court has determined that it lacks subject matter jurisdiction (Remand Order at 2–6) and the case has been closed, Defendant cannot establish that he is likely to succeed on the merits. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim." *Zepeda v. United States Immigration & Naturalization Service*, 753 F.2d 719, 727 (9th Cir. 1983); *Sires v. State of Washington*, 314 F.2d 883, 884 (9th Cir. 1963) ("[W]here there is no underlying cause of action over which the district court has primary jurisdiction, it may not entertain an application for an injunction. Statutes relating to the authority of the federal courts to grant injunctions in proper cases do not confer subject-matter jurisdiction.").

For these reasons, Defendant's Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction is **DENIED**. This Order terminates Dkt. No. 24.

**IT IS SO ORDERED.**

Dated: September 5, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**